## Jerry R. FELDMAN

v.

## SOUTH ISLE FOOD CORP.

No. 91–237–Appeal.

Supreme Court of Rhode Island.

Dec. 18, 1991.

Richard E. Fleury, Warwick, John P. Boyagian, Providence, for plaintiff.

Michael DiBiase, Susan Thurston, Providence, for defendant.

### ORDER

This case came before a hearing panel of this court for oral argument December 17, 1991 pursuant to an order which had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

Alfred Calcagni & Son, Inc., had appealed from an order entered by a justice of the Superior Court granting the receiver's petition to reopen the receivership and distribute newly discovered assets, namely a tax refund in the amount of $45,075.39 from the United States Internal Revenue Service.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the trial justice was completely correct in granting the receiver's petition to reopen and in distributing the newly discovered assets to a secured creditor, BancOhio whose secured assets had been diminished in the initial distribution by administration expenses.

Consequently the appeal of Alfred Calcagni & Son, Inc. is denied and dismissed. The orders entered by the Superior Court are affirmed.

FAY, C.J., and SHEA, J., did not participate.

## Frances M. RIFFENBURG

v.

## George F. RIFFENBURG.

No. 91–279–Appeal.

Supreme Court of Rhode Island.

Dec. 18, 1991.

William J. Gallogly, Westerly, for plaintiff.

Steven T. Hartford, Thomas J. Capalbo, Jr., Westerly, for defendant.

### ORDER

This case came before a hearing panel of this court for oral argument on December 17, 1991 pursuant to an order which had directed both parties to appear and show cause why this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the Family Court had jurisdiction pursuant to G.L.1956 (1985 Reenactment) § 8–10–3 to enforce a property settlement agreement even after divorce between the parties had become final. Although we believe that the defendant's appeal was interlocutory, we have decided that the interests of both parties require us to address the matter of subject matter jurisdiction on the merits.

Consequently, the defendant's appeal is denied and dismissed. The case is remanded to the Family Court for further proceedings consistent with this order.

FAY, C.J., and SHEA, J., did not participate.